IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs August 13, 2003

**BOBBY JOE CARTER v. STATE OF TENNESSEE**

**Direct Appeal from the Circuit Court for Marshall County**
**No. 15109     Charles Lee, Judge**

**No. M2002-02802-CCA-R3-PC - Filed October 17, 2003**

The appellant, serving an effective twenty-year sentence on three counts of especially aggravated kidnapping, argues the trial court erred in denying his petition for post-conviction relief because: (1) his guilty plea was not entered voluntarily and intelligently; and (2) his trial counsel was ineffective. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

Larry F. Wallace, Jr., Shelbyville, Tennessee, for the appellant, Bobby Joe Carter.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October 2000, the appellant broke into the home of his ex-wife after severing her telephone line. Using a sword, he forced her and their two children into a car and drove them to an abandoned trailer, where he coerced his former wife to have sexual relations. He then returned his ex-wife to her home, but kept the children. He was subsequently arrested.

Pursuant to a plea agreement, the appellant pled guilty to three counts of especially aggravated kidnapping and received three concurrent twenty-year sentences. The appellant subsequently sought post-conviction relief. During the post-conviction relief hearing, he alleged he was taking a number of psychiatric medications which affected his ability to enter the plea. He also claimed his trial counsel was ineffective. In this appeal, he contends the post-conviction court erred in concluding he voluntarily and intelligently entered his guilty plea and erred in finding trial counsel provided effective representation.

## PROOF AT POST-CONVICTION HEARING

At the post-conviction hearing, the appellant testified he was taking four or five different medications, including Thorazine, at the time of his guilty plea. He indicated the medications affected his mental abilities and described himself as a "Zombie." He stated there was "no way" he would have pled guilty if he had not been medicated. He remembered the trial court asking him questions, and that he responded, "Yes," because his trial counsel instructed him to do so.

The appellant said that on the day of his plea hearing, he knew he was entering the courtroom to plead guilty, and that he and his attorney had discussed it. He testified he knew he would be receiving a twenty-year sentence. He stated he agreed to the plea because his trial counsel indicated he would not be successful if the case went to trial. He said no one would listen to his version of the events, and he "didn't feel [he] was represented [as] strongly as [he] could have been or should have been." He initially testified his main concern was that he did not have adequate opportunities to speak with his attorney. He conceded, however, he did not know if more time with his attorney would have changed the outcome of his case and did not know of anything else he could have told his attorney if she had spent more time with him. He then opined trial counsel was ineffective "[b]ecause all she wanted to do was plead, cut a deal."

The District Public Defender testified at the post-conviction hearing that she met with the appellant approximately twenty times and spent around fifteen hours conferring with him. She said other members of her staff also met with the appellant. She estimated her office spent over one hundred hours working on the appellant's case. She testified she reviewed discovery, spoke with the appellant's ex-wife numerous times, interviewed doctors, obtained medical records, and researched the appellant's medications.

She opined she was absolutely satisfied that she was thoroughly prepared when she advised the appellant regarding his plea. She stated she advised the appellant that she "did not feel that he had a very good chance at trial," and he risked receiving a greater sentence if he were convicted at trial. She indicated that the plea agreement she negotiated, which provided for dismissal of most of the charges against the appellant as well as an effective twenty-year sentence, was the best possible outcome for the appellant.

The proof established the appellant remained incarcerated in the county jail while his case was pending. Trial counsel testified the appellant was taking several medications. She had the appellant evaluated, and the mental health expert opined the appellant was competent to stand trial and the appellant did not suffer from a diminished capacity.

She recalled the appellant's plea hearing was continued to give the appellant more time to decide whether he wanted to accept the plea offer. She indicated the appellant believed his former wife would drop the charges, and that when he realized the victim was not going to change her mind, he decided to plead guilty. She said she read the plea petition to him; he understood his plea; he knew that twenty years was the best possible sentence he could receive; and he made an informed decision to plead guilty.

An Assistant District Public Defender corroborated the District Public Defender's testimony. He indicated their office was careful to observe incarcerated clients for signs of impairment due to medication. An investigator testified he also met with the appellant. He stated the appellant was aware of the allegations against him and was able to communicate with him about his case. He said there was no indication the appellant did not understand his situation.

The post-conviction court accredited the testimony of the District Public Defender and her assistant that the appellant did not appear impaired on the day of his guilty plea. It noted its own practice of scrutinizing incarcerated defendants for impairment caused by prescription medication and refusing to accept a plea if a defendant "appeared in the slightest fashion to be overly medicated." Further, the post-conviction court found the appellant was not coerced into pleading guilty, and that his trial counsel provided him with effective assistance. Accordingly, it dismissed his petition for post-conviction relief.

## POST-CONVICTION STANDARD OF REVIEW

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. State v. Honeycutt, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## I. VOLUNTARY AND INTELLIGENT GUILTY PLEAS

The appellant contends his plea was involuntary and unknowing. Our supreme court has stated the following:

> The cases of Boykin v. Alabama and State v. Mackey are the landmark constitutional cases for analyses of guilty pleas. Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) (federal standard); State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) (state standard). In Boykin, the United States Supreme Court held that before a trial judge can accept a guilty plea, there must be an affirmative showing that it was given intelligently and voluntarily. *Id.* at 242, 89 S. Ct. at 1711, 23 L. Ed. 2d at 279. In order to find that the plea was entered "intelligently" or "voluntarily," the court must "canvass[ ] the matter with the accused to make sure he has a full understanding of *what the plea connotes* and *of its consequences.*" *Id.* at 244, 89 S. Ct. at 1712, 23 L. Ed. 2d at 280 (emphasis added).

State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999).

In the instant case, the post-conviction court accredited trial counsel's testimony that the appellant was not impaired during his plea hearing, thus finding his guilty plea was entered knowingly and voluntarily. The record supports the post-conviction court's determination; therefore, this issue is without merit.

## II. EFFECTIVE ASSISTANCE OF COUNSEL

The appellant next contends trial counsel was ineffective for "coercing" him to enter the guilty plea. When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). This standard has also been applied to the right to counsel under the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985).

The record from the post-conviction hearing established trial counsel and her staff spent substantial time investigating the case and meeting with the appellant. Their testimony indicated they reviewed the state's evidence, interviewed witnesses, investigated a possible insanity or diminished capacity defense, and were well-acquainted with the facts and circumstances of the appellant's case when advising the appellant that the plea agreement negotiated with the state was the best possible disposition of the appellant's case.

Further, the record is devoid of evidence that the appellant was "coerced" to enter the guilty plea. As the post-conviction court aptly stated in its findings, it appears the appellant merely felt "his back was against the wall" due to the strength of the state's proof and recognized that his best interest lay in accepting the plea offer. Given these facts, we conclude the post-conviction court did not err in determining trial counsel's performance exceeded the constitutional requirements for effective assistance of counsel.

Accordingly, we affirm the judgment of the post-conviction court dismissing the appellant's petition for post-conviction relief.

_____
JERRY L. SMITH, JUDGE